before, and afterwards return a verdict, it will be set aside.

See Howard v. Cobb [Case No. 6,755]; Burrill v. Phillips [Id. 2,200].

## Case No. 8,278.

### In re LESZYNSKY.

[3 Ben. 487.] [1]

District Court, S. D. New York. Nov., 1869.

STAY OF PROCEEDINGS—JUDGMENT APPEALED FROM.

1. A judgment rendered against a bankrupt in a state court, from which he has appealed before the filing of his petition, is conclusive, as against him, to enable the judgment creditors to prove it as a debt in the bankruptcy proceedings.

2. Proceedings by the creditors, on such appeal from the judgment, will be stayed, on motion of the bankrupt, pending the bankruptcy proceedings.

The petition in these proceedings was filed on the 4th of May, 1869. Before that time judgment had been recovered against the bankrupt [Henry S. Leszynsky] in the supreme court of the state of New York, and he had appealed from such judgment, giving security on such appeal. On the filing of his petition he obtained an injunction restraining the creditors from proceeding in the matter of the appeal. This injunction they moved to have modified, in order to enable them to determine the amount of their claim against the bankrupt, and to enforce their rights against the sureties. The bankrupt's petition did not admit the claim of the judgment creditors against him, but stated the fact of the recovery of the judgment against him, the appeal and the giving of security on such appeal.

came into court and gave information that the jury on the preceding evening, before they had agreed on any verdict, broke loose from their confinement, or in other words went out of the room to which he had conducted them, each one where he pleased. Upon which the officer was ordered to command their attendance in court forthwith. They accordingly appeared, acknowledge the fact, and offered their several excuses. Some of them said they thought it their duty to stay until they were agreed, and were willing to do so, but their fellows left them. Others alleged the carelessness of the officer as a palliation of their offense. The result was as follows, which I choose to give in the words of the record: "The court having considered the matter, the disorder of the jury in the liberty they have taken to scatter and disperse before they had agreed on any verdict, which is directly contrary to the law, and a great prejudice to the administration of justice in many respects, are unanimously of opinion not to receive any verdict made after the separation, either while they are so separate, or whensoever they can convene again. It is, therefore, resolved that the money they received of the plaintiff be returned to the plaintiff, which was accordingly done in court. And resolved that this action be continued to the next superior court to be holden in Hartford, the third Tuesday in March next, where it shall have a trial." R.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

John A. Mapes for the motion.
P. J. Joachimssen in opposition.

BLATCHFORD, District Judge. This motion must be denied. See Metcalf's Case [Case No. 9,494], in which decision I concur. The judgment already recovered is conclusive, as against the bankrupt, to enable the creditors to prove it as a debt.

## Case No. 8,279.

### In re LESZYNSKY.

[16 Blatchf. 9; 25 Int. Rev. Rec. 71; 7 Reporter, 358.] [1]

Circuit Court, S. D. New York. Feb. 13, 1879.

CRIMINAL LAW — CIVIL AND CRIMINAL PROCEEDINGS FOR SAME OFFENSE—PENALTY AND IMPRISONMENT—HABEAS CORPUS.

1. Section 3318 of the Revised Statutes of the United States provides that any person who commits any one of the offences therein specified shall pay a penalty of $100, and shall, on conviction, be fined not less than $100, nor more than $5,000, and imprisoned not less than 3 months, nor more than 3 years. The United States brought a civil suit against L. to recover the penalty of $100 imposed by that section for an offence therein specified, and recovered a judgment therefor, which was paid and satisfied of record. Afterwards L. was arrested on a warrant for the same offence, and was committed for trial. On a habeas corpus: Held, that the criminal proceeding by the warrant was not a proceeding to punish him twice for the same offence.

2. The three punishments—the penalty, the fine and the imprisonment—are only one punishment for the same offence, although the penalty is recovered in a civil action, and the fine and imprisonment are inflicted by a criminal prosecution.

[Cited in U. S. v. Thompson, 45 Fed. 468.]

[Certiorari to the district court of the United States for the Southern district of New York.

[Habeas corpus upon the petition of Samuel H. Leszynsky, claiming a discharge from alleged unlawful arrest.]

Roger M. Sherman, for relator.
Stewart L. Woodford, Dist. Atty., for the United States.

BLATCHFORD, Circuit Judge. Section 3318 of the Revised Statutes is in these words: "Every rectifier and wholesale liquor dealer shall provide a book, to be prepared and kept in such form as may be prescribed by the commissioner of internal revenue, and shall, on the same day on which he receives any foreign or domestic spirits, and before he draws off any part thereof, or adds water or anything thereto, or in any respect alters the same, enter in such book, and in the proper columns respectively prepared for the purpose, the date when, the name of the person or firm from whom, and the place whence, the spirits were received, by whom distilled, rectified or compounded,

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 7 Reporter, 358, contains only a partial report.]